## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| **Oliver Lawrence** | ) | |
| **Debtor** | ) | **Case No.   17-30339** |
| | ) | **Chapter 13** |
| | ) | |

## MOTION BY TRUSTEE TO CONVERT CASE
## FROM CHAPTER 13 TO CHAPTER 7

COMES NOW, the Chapter 13 Trustee, by counsel, and pursuant to 11 U.S.C. 1307 (c) moves the Court to Convert this case from a Chapter 13 case to a case under Chapter 7 of the Bankruptcy Courts; and in support of the Trustee's Motion to Convert this Case states as follows:

1.     The Debtor is currently a Debtor in a Chapter 13 case pending before this Court filed on January 24, 2017;

2.     Carl M. Bates has been appointed the Chapter 13 Trustee in this case, and the 341 hearing was scheduled on March 2, 2017, at 11:00 a.m. and adjourned to March 16, 2017 at 12:00 noon;

3.     This case has not been confirmed;

4.     Based upon evidence, tax records, and belief, the debtor owned real estate located at 2425 Chamberlayne Ave, Richmond, Virginia that was not disclosed on Schedule A, but was in his name as of the date of filing this case per the tax records.  See Exhibit A.

5.     Upon belief and evidence, the Debtor's ownership rights were foreclosed upon the day before filing, but per the tax records the real estate was not transferred by recordation from his name as sole owner to his wife as sole owner until February 23, 2017 without Court permission as no Motion for Relief was filed.  See Exhibit B.

Susan H. Call, Esquire
Staff Counsel for
Carl M. Bates
P.O. Box 1819
Richmond, VA  23218-1819
(804) 237-6800
VSBN  34367

6.      Based upon information and belief, the debtor has other assets, real estate and business interests, that are not disclosed on his schedules.  The debtor has not referenced in his schedules any debts associated with the non-disclosed real estate, so the Trustee cannot determine a real liquidation requirement in this case.

7.      The debtor had a 341 hearing scheduled for March 2, 2017 at 11:00 a.m.  The debtor was aware of the hearing according to his attorney, but failed to appear at the 341 hearing.

8.      The debtor has limited income based upon his Schedule I filed, does not have the funds nor feasibility to fund a plan to meet the liquidation analysis requirements that would exist if full disclosure of assets was made for the property the Trustee has discovered.  The circumstances of the case suggest that a conversion would be in the best interest of the creditors and the estate.

9.  The Trustee moves the Court to defer payment of the cost to convert the case until the case is Ordered converted.

WHEREFORE, the Chapter 13 Trustee, by Counsel, hereby moves the Court to convert this Chapter 13 case to a Chapter 7 case, and defer payment of the cost to convert the case until the case is Ordered converted.

Carl M. Bates
By Counsel
Susan H. Call

By: ___/s/ Susan H. Call_____
   Susan H. Call, VSB #34367
   Counsel for Trustee

Susan H. Call, Esquire
Staff Counsel for
Carl M. Bates
P.O. Box 1819
Richmond, VA  23218-1819
(804) 237-6800
VSBN  34367

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2017, a copy of the foregoing Motion was electronically transmitted and/or mailed, first class mail, postage prepaid, to Debtor, Oliver Lawrence, at 12384 Mechumps Creek Lane, Ashland, VA; to Aubrey F. Hammond, Jr., Esquire, at aubreyhammond@netscape.net, Counsel for the Debtor, and to all necessary parties in interest.

/s/ Susan H. Call
Susan H. Call, VSB #34367

Susan H. Call, Esquire
Staff Counsel for
Carl M. Bates
P.O. Box 1819
Richmond, VA  23218-1819
(804) 237-6800
VSBN  34367